**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JIM-SCOTT ALVA, | ) |
| | ) Case No. 2:18-cv-00788-JAD-NJK |
| Plaintiff(s), | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| | ) |
| JAMES SCOTT ALVA, | ) |
| | ) |
| Defendant(s). | ) |

Plaintiff brings this case *pro se* and is seeking to appear *in forma pauperis* pursuant to 28 U.S.C. § 1915. Federal courts have the authority to dismiss a case if the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear

from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In this case, Plaintiff purports to be suing other versions of himself. In light of the frivolous and delusional nature of Plaintiff's claims, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice and that his application to proceed *in forma pauperis* be **DENIED** as moot.[1]

Dated: June 12, 2018

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[1] In light of the delusional nature of the complaint, the Court declines to address further Plaintiff's failure to comply with the requirements for seeking *in forma pauperis* status. *See* Docket No. 3. The Court also declines to address Plaintiff's apparent refusal to accept mail from the Court. *See* Docket No. 5 (mail returned as undeliverable as "refused by detainee").